## NORA SIMONDS' Appeal.

Kansas City Court of Appeals, December 7, 1903.

1. **GUARDIAN AND CURATOR:** Attorney's Fees. A curator is entitled to an attorney's fee in defending his final settlement.

2. **APPELLATE AND TRIAL PRACTICE:** Exceptions to Final Settlement. A complaint against a final settlement not included in the exceptions filed in the probate court, on which the case was tried, can not be noticed on appeal.

3. ————: **Objections: Motion for New Trial.** No error alleged to have been committed in the trial below can be noticed on appeal unless the attention of the trial court was called thereto in the motion for new trial.

Appeal from Pettis Circuit Court.—*Hon. George F. Longan*, Judge.

AFFIRMED.

*C. C. Lawson* and *John D. Bohling* for appellant.

(1) The suits brought by the curator to enforce the collection of the balance due from Sneed, the former curator, was a useless expenditure of money. Sec. 3530, R. S. 1899. (2) The circuit court erred in charging up to the appellant's estate the expenses that Stella Courtney's estate should have borne in the two law suits. (3) The court erred in allowing Messrs. Barnett & Barnett an attorney's fee of $25.00 for defending this suit in the circuit court.

*Barnett & Barnett* for respondent.

(1) The court did not err in allowing Barnett & Barnett an attorneys' fee for defending this suit in circuit court. In re Estate of Meeker, 45 Mo. App. 86;

State ex rel. Tygard v. Elliott, 82 Mo. App. 458. (2) As to the complaint that "the court erred in charging up to appellant's estate the expenses that Stella Courtney's estate should have borne in the two law suits," it is sufficient to say that no such complaint was made in any of the written exceptions filed by appellants in this case.

SMITH, P. J.—This is a proceeding that originated in the probate court. Clopton was guardian and curator of Nora Simonds, a minor. Exceptions were filed to his final settlement. On the trial anew in the circuit court the exceptions were denied and the settlement approved. The ward appealed here.

The appellant complains that the trial court erred in allowing the curator an attorney's fee of $25 for defending his final settlement. This was a proper allowance. In re estate of Meeker, 45 Mo. App. 186; State ex rel. Tygard v. Elliott, 82 Mo. App. 458.

It is next insisted that the court erred in charging up to appellant's estate the expenses that Stella Courtney's estate should have borne in the two lawsuits. As we do not find that this complaint was included in the exceptions filed in the probate court and on which the case was tried, we can not notice it here.

The contention is further made that the curator was negligent in accepting a note of Gallie and Houx for three hundred dollars from Sneed and in not enforcing his judgments against Sneed in his final settlements of the two estates of the Simonds and Courtney heirs, and that but for this negligence it would not have been necessary for him to have gone to the expense he did in enforcing the vendor's lien, etc. It is a sufficient answer to this contention to say that we are unable to discover that the motion for the new trial suggested any such ground of objection to the finding of the trial court. In a case like this we are required to confine our review to such errors as are bottomed on the objections assigned

in the motion for the new trial. No error alleged to have been committed during the progress of the trial can be noticed here unless the attention of the court was called to it in the motion for the new trial.

As far as we can understand, the case was fairly tried. Our attention has been called to no prejudicial error requiring a reversal of the judgment, which accordingly must be affirmed. All concur.